R. FRANK SEAY v. AMERICAN SAVINGS LIFE INSURANCE COMPANY.

(Filed 25 May, 1938.)

**Appeal and Error § 49—When Supreme Court is evenly divided in opinion the judgment of lower court becomes law of the case and is controlling.**

When the judgment of the lower court is affirmed on appeal because the Supreme Court is evenly divided in opinion, the judgment of the lower court becomes the law of the case and is determinative of the rights of the parties upon a second action instituted by the same plaintiff on the same contract against the successor of the defendant company.

APPEAL by plaintiff from *Bivens, J.,* at March-April, 1938, Civil Term, of GUILFORD. Reversed.

This action was brought by plaintiff against defendant to recover $1,190 commissions on insurance premium renewals. The defendant denied liability.

In the agreed statement of facts is the following: "10. That if the plaintiff, under the terms of the contracts in question, is entitled to commissions or renewals paid the Sentinel Life Insurance Company or the defendant after the contract of agency was terminated, and if the plaintiff is entitled to recover against the defendant American Savings Life Insurance Company, then the plaintiff is entitled to recover judgment against the defendant in the sum of $1,190, but if the plaintiff, under the terms of the contracts, is not entitled to commissions on renewals paid the Sentinel Life Insurance Company or the defendant after the contract of agency was terminated, or if the plaintiff is not entitled to recover of the defendant American Savings Life Insurance Company, then the plaintiff is not entitled to recover judgment against the defendant in any amount, and the plaintiff's action should be dismissed, and he should be taxed with the costs."

The judgment of the municipal court was as follows: "This cause coming on to be heard, and being heard upon pleadings, the agreed statement of facts and argument of counsel, and after consideration of the same, the court being of the opinion that upon said agreed statement of facts that the plaintiff is not entitled to recover in this action. It is therefore, upon motion of attorneys for defendant, ordered, adjudged and decreed that the plaintiff take nothing by his action, and that the same be dismissed, and that the costs be taxed against the plaintiff. This 24 January, 1938. Lewis E. Teague, judge municipal court of the city of High Point."

To the signing of the foregoing judgment, the plaintiff excepted, assigned error, and appealed to the Superior Court of Guilford County.

The judgment of the Superior Court was as follows: "This cause

coming on to be heard on appeal from a judgment signed in the municipal court of the city of High Point in said cause and being heard upon the plaintiff's assignments of error No. 1 and No. 2 as appearing in the case on appeal, and it appearing to the court that said exceptions and assignments of error should be overruled and the judgment of the trial court sustained: It is therefore, upon motion of attorneys for the defendant, ordered, adjudged and decreed that said assignments of error be and they are each hereby overruled, and the judgment of the High Point municipal court is sustained and the costs of this appeal taxed against the plaintiff. This 1 April, 1938. E. C. Bivens, Judge Presiding, 12th Judicial District."

To the overruling of the plaintiff's assignments of error, and each of them, and to the signing of the foregoing judgment, the plaintiff excepted, assigned error, and appealed to the Supreme Court.

*R. T. Pickens and Jones & Fisher for plaintiff.*
*Roberson, Haworth & Reese for defendant.*

PER CURIAM. In the case of *Seay v. Ins. Co.,* 208 N. C., 832, is the following: "Civil action to recover agent's commissions on insurance premium renewals, 'paid to and accepted by the (defendant) company, while this (agency) contract is in force . . . limit 9 years.' The defendant sought to terminate its agency contract with the plaintiff, prior to the expiration of the ninth renewal of some of the policies written by plaintiff. This suit is to recover commissions on such renewals up to the 9th on each policy. Judgment of nonsuit was entered in the municipal court of the city of High Point, which was reversed on appeal to the Superior Court of Guilford County. From the ruling of the Superior Court the defendant appeals, assigning error. *(Per Curiam)*: The Court being evenly divided in opinion, *Clarkson, J.,* not sitting, the judgment of the Superior Court is affirmed and stands, according to the uniform practice of appellate courts, as the decision in this case, without becoming a precedent," citing many authorities.

This action is being prosecuted by the same plaintiff, against the successor of the same defendant, for recovery under the same contract as that considered in the former action. The plaintiff pleads *res judicata*. The judgment of the Superior Court in the former action, unchanged on appeal, is determinative of the plaintiff's right to recover under the contract in this action, and hence the judgment of nonsuit is reversed.

We think what was said in the above case is applicable to the present action, and the judgment of the court below is

Reversed.